# EXHIBIT 1


**UNITED STATES**
**POSTAL SERVICE**™

Date: July 21, 2015

████████████

The following is in response to your July 21, 2015 request for delivery information on
your Certified Mail™/RRE item number 95028000085151960000375. The delivery record
shows that this item was delivered on July 20, 2015 at 10:34 am in PENFIELD, NY
14526. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :      1985   Br. Id   Rd

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

██████████████████████████████

July 15, 2015

**VIA CERTIFIED MAIL**

Court's Clerk
Penfield Town Court
1985 Baird Road
Penfield, New York 14526

        Re: Request Pursuant to N.Y. JUD. LAW § 255.

Dear Court's Clerk:

        I am hereby making a public records request for the following
documents:

    1.    Any and all court records, including, but not limited to,
          police records and transcripts of court proceedings, for
          case number ████████████████

    2.    Any and all court records, including, but not limited to,
          police records and transcripts of court proceedings, for
          case number ████████████████

    3.    Any and all court records, including, but not limited to,
          police records and transcripts of court proceedings, for
          case number ███████████

    4.    Any and all court records, including, but not limited to,
          police records and transcripts of court proceedings, for
          any other case involving ███████████████████████
          ██████████████

    5.    Certified copy of the Certificate of Disposition for case
          number ████████████████

    6.    Certified copy of the Certificate of Disposition for case
          number ████████████████

    7.    Certified copy of the Certificate of Disposition for case
          number ████████████████

    8.    Certified copy of the Certificate of Disposition for any
          other case(s) involving ██████████████████████
          ████████████

        If there are any costs for copying these records, please contact
me with the costs and I will immediately reimburse you.

Thank you for your courtesy and cooperation.

        Sincerely,



# EXHIBIT 2

August 03, 2015

**VIA FACSIMILE**

Court's Clerk
Penfield Town Court
1985 Baird Road
Penfield, New York 14526

Re: Request Pursuant to N.Y. JUD. LAW § 255

Dear Court Clerk:

After my conversation with you today, there appears to be confusion as to my rights to access and obtain public records under the law. Further, there appears to be confusion as to your role in producing such records under the law.

N.Y. JUD. LAW § 255 states, "A clerk of a court **must**, upon request, and upon payment of, or offer to pay, the fees allowed by law . . . diligently search the files, papers, records, and dockets in his office; and either make one or more transcripts or certificates of change therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper, of which the custody legally belongs to him, can not be found." Further, ". . . the plain language of the statute clearly pertains to a 'clerk of a court.'" Jones v. District Attorney's Office, 33 Misc.3d 462, 464 (2011). Additionally, Section 216.1 of the Uniform Rules for the Trial Courts, creates a presumption of public access to records filed with a court.

In light of this, and contrary to your comments, the judge should not play a role in the production of such records and using the excuse that you "don't know" and it is the "judge's court" are not viable excuses for failure to comply with one of my most fundamental rights under the law. It is the "people's court" and that is what makes America great. After all, I assume the Honorable Lomenzo has more important matters that deserve his time.

I simply contacted you to inquire into when I should receive notification of the costs associated with my request and I was surprised by what I was told. I was caught off guard by your stonewalling and demands for fees that it isn't clear that I even owe and that seem to continue to grow each time I call the court. Further, I offered to have my signature notarized after your comments that you didn't know that I am who I say I am; yet you continued to say, "I don't know." This is unacceptable and a notarized signature is sufficient indication under the law to demonstrate that I am who I say I am.

I have attached a brief outline of my rights to obtain any

judicial record, not just mine. Contrary to your understanding of the law, most judicial records are open to anyone in the public, not just the plaintiff or defendant, and without a notarized signature. Considering the subject matter requested deals only with me as the defendant, I am wholly entitled to such records.

I hope this helps and I look forward to receiving communication regarding the cost for the production of my records request or, conversely, receiving my records requested.

Sincerely,

Enclosure: Records Request dated July 15, 2015
          N.Y. JUD. LAW § 255 analysis

# EXHIBIT 3

# Penfield Town Court

**TOWN JUSTICE**
JOHN P. LOMENZO, JR.

**COURT CLERK**
SHEILA CARUSO-ROTHFUSS
585-340-8623

PENFIELD COMMUNITY CENTER
1985 BAIRD ROAD
PENFIELD, NEW YORK 14526
HOURS: 8:00 AM-4:00 PM
FAX: 585-586-0491

**TOWN JUSTICE**
JAMES P. MULLEY, JR.

**COURT CLERK**
KERRY E. EGERTON
585-340-8624

August 4, 2015



Dear ███████

Enclosed please find your prior letter of 7/15/15, addressed to the Court, which I have redrafted on your behalf.

Before I will consider your application you need to appear before a notary public and sign the new letter and fill in the date at the top. The notary will have to fill in the date and the county at the bottom, sign and place the notary stamp below the signature.

As highlighted in red, you must provide positive identification to the notary so that I will have assurance that the letter is in fact signed by ███████ Normally we would have someone who appears at the court clerk's office with a request such as yours provide similar proof to ensure that we know for certain to whom we are releasing documents.

Sincerely,

Hon. John P. Lomenzo, Jr.

███████████████████████

August _____, 2015

Penfield Town Court                                    **VIA CERTIFIED MAIL**
1985 Baird Road
Penfield, New York 14526

     Re: Request Pursuant to N.Y. Judiciary Law, section 255

Dear Court Clerk:

     I am hereby making a public records request for the following documents:

     1.   Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for cases numbered ████████████████████████

     2.   Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for any other case involving █████████████████████

     3.   Certified copies of the Certificates of Disposition or Certificates of Conviction for cases numbered ████████████████

     4.   Certified copies of the Certificates of Disposition or Certificates of Conviction for any other cases involving ████████████████

     If there are any costs for copying these records, please contact me with the costs and I will immediately reimburse you.

     Thank you for your courtesy and cooperation.

                                     Sincerely,

                                     _____

                                     ████████████

# EXHIBIT 4

**UNITED STATES**
**POSTAL SERVICE.**

Date: August 12, 2015

"The following is in response to your August 12, 2015 request for delivery information on your Certified Mail™/RRE item number 9502800008515222000249.  The delivery record shows that this item was delivered on August 12, 2015 at 12:50 pm in PENFIELD, NY 14526. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

August 10, 2015

<u>VIA CERTIFIED MAIL</u>

Hon. John P. Lomenzo, Jr.
Penfield Town Court Judge
Penfield Town Court
1985 Baird Road
Penfield, New York 14526

    Re: July 15, 2015 Public Records Request

Dear Judge Lomenzo:

    Thank you for your courteous and timely response to my public records request dated July 15, 2015.

    As you requested, please find the notarized records request enclosed.

    Please contact me if you have any additional questions. I appreciate your time.

            Sincerely,



████████████████████████████

August _10_, 2015

Penfield Town Court                                          **VIA CERTIFIED MAIL**
1985 Baird Road
Penfield, New York 14526

    Re: Request Pursuant to N.Y. Judiciary Law, section 255

Dear Court Clerk:

    I am hereby making a public records request for the following documents:

    1.    Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for cases numbered ███████████████████████

    2.    Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for any other case involving ███████████████████████

    3.    Certified copies of the Certificates of Disposition or Certificates of Conviction for cases numbered ████████████████

    4.    Certified copies of the Certificates of Disposition or Certificates of Conviction for any other cases involving ████████████████

    If there are any costs for copying these records, please contact me with the costs and I will immediately reimburse you.

    Thank you for your courtesy and cooperation.

Sincerely,

████████████████

████████

_Stephanie Burgos_
Notary Public

STEPHANIE A BURGOS
Notary Public
State of New Jersey
My Commission Expires Nov 5, 2015

# EXHIBIT 5



# EXHIBIT 6

██████████████████████████████████

                                        ███████████████████

                        October 28, 2015

Penfield Town Court
Attn: Judge Lomenzo's Court Clerk
1985 Baird Road
Penfield, New York 14526

        Re: Records request

Dear Clerk of Court:

    I am hereby making a public records request for the following documents:

1. Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for case number ████████ I grant permission to temporarily unseal the foregoing records for the sole purpose of making copies to satisfy this records request. This grant is only valid for one time and expires indefinitely on November 30, 2015.

2. Any and all court records, including, but not limited to, police records and transcripts of court proceedings, for case number ████████

3. A certified copy of the Certificate of Disposition for case number ████████ I grant permission to temporarily unseal the foregoing records for the sole purpose of making copies to satisfy this records request. This grant is only valid for one time and expires indefinitely on November 30, 2015.

4. A certified copy of the Certificate of Disposition for case number ████████

    If there are any costs for copying these records, please contact me with the costs and I will immediately reimburse you.

    Thank you for your courtesy and cooperation.

                        Sincerely,

████████
─────────────────────
██████████

                                    ┌─────────────────────────┐
                                    │   TIA N HARRINGTON       │
                                    │   Notary Public          │
                                    │   State of New Jersey    │
                                    │ My Commission Expires Mar 5, 2018 │
                                    └─────────────────────────┘

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

                            Notary Public

# EXHIBIT 7

November 19, 2015

**VIA FACSIMILE ONLY**

Penfield Town Court
Attn: John Lomenzo
1985 Baird Road
Penfield, New York 14526

　　　　Re: Abuse, Threats, and Harassment for Seeking Records Pursuant to N.Y. JUD. LAW § 255

Dear Mr. Lomenzo:

　　　　I write to you today *in response* to the disturbing and unnecessary escalation of abusive tactics by Elise, Sheila, and Carry, whom have all decided to aggressively and angrily harass, abuse, threaten, and attempt to intimidate me as a result of my desire to exercise my Constitutional rights. Further, their slander against my good name is outrageous and must stop immediately. Your voicemail stated that "your court clerks told you," whereby confirming that they are knowingly making false statements to a third party in an attempt to slander my good name. Court clerks do not enjoy the same immunity as the judiciary does, so I would advise against this, as I will not hesitate to exercise my legal rights to put an end to it. All three individuals should be ashamed of their conduct and under **no** circumstances is such conduct appropriate. Further, this isn't a new phenomenon: Sheila attempted to deny my access to some of the records many months ago, of which I correctly addressed in a facsimile dated August 03, 2015, of which addressed Sheila's "confusion as to my rights to access and obtain public records under the law." I've enclosed this facsimile in the hopes that it provides *you* with adequate education as to exactly what my rights are.

　　　　Further, albeit laughable, your angry voicemail is ludicrous. Your approach here is wholly wrong. You should have called me to apology for the inappropriate manner in which I have been treated and for the unnecessary five-month delay. Instead, your response was filled with anger and nothing shy of inappropriate. Let me remind you: *all* telephone calls were recorded by me and to be clear, Elise and Carry both hung up on me twice today (first, after I simply called to speak with Elise to inquiry if she had mailed the documents yesterday; second, after Elise abruptly hung up on me, I called back and Carry answered, refused to transfer me to Elise, threatened me that if I ever called the court again something would happen to me, and then hung up on me (In light of this, I addressed her professionally and spoke nothing but professionally, as I do not let angry outbursts of others get to me)). It is natural to call someone back after the phone is disconnected. I didn't actually think Elise purposely hung up, as there was no reason too. This, which Else and Carry inappropriately and maliciously slandered me over, represents nothing more than a concerned citizen asking questions of wannabe tyrants. I plan to, at a minimum, share such calls with the 7th Judicial District, of whom are already very aware of this matter and if they have not already, will be contacting Elise in the near future. Therefore, you might want to hold off on furthering untruthful, slanderous, and malicious lies. Such games will not succeed here. I suppose I have learned enough from my past experiences to take the necessary precautions to eliminate such a childish attack upon my character. The sad part is that people like you, in light of the technological age, are actually still playing such games.

　　　　I have every right to contact any court, including the Penfield Town Court, for a lawful purpose. And, contrary to your assertions directed towards me on your inappropriate voicemail, supposing you can read, what I am requesting is clear. Elise already acknowledged what I am requested and went as far as to

say everything was mailed last Thursday, which was a clear lie. What Ms. Alexander (the transcription analyst) has requested from Elise is clear as well. The issue is that Elise does not have a lawful right to deny my right to such records. And now, your childish attempt to create a situation that does not exist is laughable. Again, I recorded all conversations. In light of this, I'd advise against slandering my good name.

You see, I have done everything correct. I mailed multiple notarized letters as requested. I contacted the transcription analyst as requested. The only parties that are living outside of the laws are you and Elise. I have a legitimate purpose of contacting the Penfield Town Court. You, Elise, and Carry have just made it ten time worse for yourselves shall I need to file suit against Elise to compel the production of my request. No higher court will side with you and if Elise tried to slander me, I would simply provide the telephone conversations in one form or another, whereby only making her look that much worse. Further, even if I was "rude," which I wasn't, under such circumstances, any reasonable person would be upset with the intentional delays perpetrated over five-months. Just play by the rules. There is nothing for you to gain by creating lies to further your denial of my protected rights.

In the end, Elise will either comply with 7th Judicial District or Elise will be the defendant to an action to compel the release of my records. Further, it is likely I might need additional records and I expect that such requests will be fulfilled as required by law too. The records are not yours. The records are not Elise's. The records are not the court's. The records belong to the people and the court is the custodian of such records. The release of such records is undisputedly governed by state statutes and black letter law and pursuant to such law, I have done everything correct.

In closing, Mr. Lomenzo, let me be clear: Don't contact me again. You see, I have no business with you. It is not "your court" and as the statute and subsequent case law outlines, the duty is on the court clerk. I am not intimidated by a man that finds it self-fulfilling to abuse his power and be coercive to ones most fundamental rights. And society will only shame the actions of you and Elise. I was always taught that to judge a man's character, give him power. The outcome here is unfortunate, as you have chosen to abuse your power.

This is America. We are a nation of laws. You especially, nor anyone else, will degrade my belief in this nor block me from enjoying all rights provided to me under the U.S. Constitution and state law. The reason for your noncompliance with the law is beyond me. I suppose you are hiding something.

Therefore, you are hereby being notified to immediately cease and desist from your clear and inappropriate harassment and threats against me. I will only communicate via written letter moving forward to make the evidence that much clearer, disallowing any further childish attempts to slander my good name. I will not address you, nor would I address any Judge, when making a records request. Such action is inconsistent with my responsibility under the law and I will address the clerk of court only, as the statute requires. I am not going anywhere and there is absolutely nothing you can do about me enforcing my Constitutional rights. This whole matter is simply bizarre to say the least. And if you find this to be "rude," so be it. It is the way in which our democracy functions and you surely don't have the authority to change that, nor would society agree with such a dictatorial change. Society, the New York State legislature, the New York State Supreme Court all agree with my position. I think you need to do some reflecting on the manner in which you have gone about handling such a simple matter. I wish Sheila and Elise did their job from the very beginning and I never had to babysit them. This entire situation is completely unacceptable on many levels.

I hope you find God in your life and decide to uphold your oath to the Constitution in future matters, as God will one day judge us all.



# EXHIBIT 8

# Penfield Town Court

PENFIELD COMMUNITY CENTER
1985 BAIRD ROAD
PENFIELD, NEW YORK 14526
HOURS: 8:00 AM-4:00 PM
FAX: 585-586-0491

TOWN JUSTICE
JOHN P. LOMENZO, JR.

COURT CLERK
ELYSE K. VOIGT
585-340-8723

TOWN JUSTICE
JAMES P. MULLEY, JR.

COURT CLERK
KERRY E. EGERTON
585-340-8624

November 21, 2015



Dear ████████

    Due to the insulting, abusive and contemptuous nature of your letter of November 19, 2015, I will not consider any request from you until I receive your written and unqualified letter of apology directed to my court clerks and myself. I have instructed my court clerks to have no communication with you until I receive such letter.

    Had you uttered the same words in your letter in open court before me I would have had the power to and I would have, after demanding an apology and an appropriate warning about the consequences of your refusal to do so, held you in contempt of court and imposed either a fine or incarcerated you.

Sincerely,

Hon. John P. Lomenzo Jr.

# EXHIBIT 9

████████████

████████ **Plaintiff,**

   **v.**

████████████████  ████████

**Defendants.**

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** ████████ ("Plaintiff") filed a complaint against ████████ ████████ (collectively "Defendants") on December 19, 2015 alleging violations of Plaintiff's First Amendment rights; and

**WHEREAS,** Plaintiff and Defendants (collectively the "Parties") are interested in resolving the issues alleged in the Complaint in this action and have negotiated in good faith for that purpose; and

**WHEREAS,** none of the Parties to the above-captioned action is an infant or incompetent person; and

**WHEREAS,** the Parties in the above-captioned action wish to discontinue the litigation;

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties and/or their respective counsel as follows:

1. The Parties hereby agree that Plaintiff will dismiss the above-captioned case with prejudice as to all named Defendants and pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. To complete this, Plaintiff agrees to timely file the Notice of Voluntary Dismissal (Exhibit A) with the Clerk of Court.

2. Any and all of the claims for damages by Plaintiff which are the subject of this action or otherwise arise out of any of the incidents alleged in the Complaint are hereby settled, as against all Defendants, for (1) Defendants providing Plaintiff with the requested court records, (2) Defendants providing Plaintiff with an apology letter, and (3) Defendants providing Plaintiff with the sum of ████ Such consideration is in full satisfaction of all claims for damages, costs, disbursements, and legal fees.



# EXHIBIT 10

# *Penfield Town Court*

TOWN JUSTICE
JOHN P. LOMENZO, JR.

COURT CLERK
ELYSE K. VOIGT
585-340-8723

PENFIELD COMMUNITY CENTER
1985 BAIRD ROAD
PENFIELD, NEW YORK 14526
HOURS: 8:00 AM-4:00 PM
FAX: 585-586-0491

TOWN JUSTICE
JAMES P. MULLEY, JR.

COURT CLERK
KERRY E. EGERTON
585-340-8624

February 26, 2016



Dear ███████████

On behalf of the Penfield Town Court, please accept my sincere apology for the difficulties you encountered obtaining the documents regarding your cases from 2005 and 2006. It was never the Court's intention to obstruct or in any way impede your access to these documents which we understand is protected under the law.

I am glad that we have now been able to provide you with all available documents from the Court's files and appreciate your patience and cooperation. Should you require information regarding your cases in the future, please be assured that the Court staff will respond both appropriately and in a timely manner.

Sincerely,

John P. Lomenzo, Jr.
Town Justice

# EXHIBIT 11

**UNITED STATES**
**POSTAL SERVICE.**

Date: November 13, 2017

███████████

The following is in response to your November 13, 2017 request for delivery information on your Signature Confirmation™ item number 9410810200830742302853.  The delivery record shows that this item was delivered on November 13, 2017 at 12:28 pm in PENFIELD, NY  14526 to H SCALZO. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

1
2
3
4

**STATE OF NEW YORK**
**COUNTY OF MONROE**
**TOWN OF PENFIELD**

5  **THE PEOPLE OF THE STATE OF**
6  **NEW YORK**
7                                                    **CASE NO.** ███████
8                  **-against-**
9
10 ████████████████
11

12  **NOTICE OF MOTION TO SEAL PURUSANT TO N.Y. CRIM. PROC. LAW § 160.50**

13        PLEASE TAKE NOTICE that on Thursday, November 16, 2017, at 9:30 a.m., or as soon

14  thereafter as the matter may be heard before the Honorable Judge John P. Lomenzo Jr. in the

15  Penfield Town Court, located at 1985 Baird Road, Penfield, New York 14526, Defendant

16  ████████, upon the annexed Affirmation, duly sworn the 8th day of November, 2017, will

17  and hereby does move the court to grant Defendant's Motion to Seal Pursuant to N.Y. Crim.

18  Proc. Law § 160.50.

19

20  Dated: November 08, 2017                      Respectfully submitted,

21
22
23                                    ████████████████████
24
25
26

27

28  TO:   Penfield Town Court
29        1985 Baird Road
30        Penfield, New York 14526

31        Sandra Doorley
32        District Attorney
33        47 S. Fitzhugh St.
34        Rochester, New York 14614

1
2
3
4

**STATE OF NEW YORK**
**COUNTY OF MONROE**
**TOWN OF PENFIELD**

5   **THE PEOPLE OF THE STATE OF**
6   **NEW YORK**
7                                                    **CASE NO.** ████████
8              **-against-**
9
10   ████████████

11
12                        **AFFIDAVIT IN SUPPORT**

13   STATE OF NEW YORK        )
14   COUNTY OF NEW YORK   ss.:
15   CITY OF NEW YORK          )

16          ██████████████, being duly sworn, hereby deposes and says:

17   1. I am the defendant in the above-captioned action.

18   2. I respectfully submit this affidavit in support of Defendant's Motion to Seal Pursuant to N.Y.

19   Crim. Proc. Law § 160.50.

20   3. On ████████ 2006, the above-captioned case was dismissed pursuant to N.Y. Crim. Proc. Law

21   § 170.55.

22   4. N.Y. Crim. Proc. Law § 160.50 requires that, upon the termination of a proceeding in the favor

23   of a defendant pursuant to N.Y. Crim. Proc. Law § 170.55, the record of such proceeding shall

24   immediately be sealed and the clerk of the court wherein such criminal proceeding was

25   terminated shall immediately notify the commissioner of the division of criminal justice services

26   and the heads of all appropriate police departments and other law enforcement agencies that the

27   action has been terminated in favor of the accused that the record of such proceeding shall be

28   sealed. Thereafter:

29          (a) all official records and papers, including judgments and orders of a court relating to

30              the arrest and prosecution, including all duplicates and copies thereof, on file with the

-1-                                              Case No. ████████

1      division of criminal justice services, any court, police agency, or prosecutor's office shall

2      be sealed and not made available to any person or public or private agency;

3      (b) every photograph of the defendant and photographic plate or proof, and all palmprints

4      and fingerprints taken or made of the defendant in regard to the proceeding terminated,

5      and all duplicates and copies thereof, shall forthwith be either destroyed or returned to the

6      defendant by the division of criminal justice services and by any police department or law

7      enforcement agency having any such photograph, photographic plate or proof, palmprints

8      or fingerprints in its possession or under its control; and

9      (c) it shall be formally requested in writing from any police department or law

10      enforcement agency, including the division of criminal justice services, which transmitted

11      or otherwise forwarded to any agency of the United States or of any other state or of any

12      other jurisdiction outside the state of New York copies of any such photographs,

13      photographic plates or proofs, palmprints and fingerprints, that all such copies be

14      destroyed or returned to the police department or law enforcement agency which

15      transmitted or forwarded them, and upon such return such department or agency shall

16      either destroy or return them to the defendant.

17   5. I request that any photographs or fingerprints returned to me be mailed to:

18
19      ██████████████████
20

21   6. No previous application for this relief has been made.

22      WEREFORE, deponent respectfully requests that this Court grant Defendant's Motion to

23   Seal Pursuant to N.Y. Crim. Proc. Law § 160.50 and issue an Order requiring all official records

1   and papers be sealed, all photographs and fingerprints be destroyed, and all other relief set forth

2   in N.Y. Crim. Proc. Law § 160.50 be granted.

3

4                                                                    Respectfully submitted,
5

6
7

8

9   Subscribed and Sworn to before me this
10  8 day of November , 2017
11

12
13  Notary Public

14  My Commission Expires: 12/12/20

KENNETH CARDEZ
Notary Public, State of New York
Reg. No. 04CA6351839
Qualified in New York County
Commission Expires Dec. 12, 20 20

-3-                                   Case No.

STATE OF NEW YORK
COUNTY OF MONROE
TOWN OF PENFIELD

---

**THE PEOPLE OF THE STATE OF NEW YORK**

     -against-

█████████████

CASE NO. ███████████

---

### CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing

documents have been served upon the following parties by placing the same in the United States

mail, postage prepaid, addressed to:

Sandra Doorley
District Attorney
47 S. Fitzhugh St.
Rochester, New York 14614

This 8th day of November, 2017.

Respectfully submitted,

███████████████

-1-

Case No. ███████████

# EXHIBIT 12

# *Penfield Town Court*

PENFIELD COMMUNITY CENTER
1985 BAIRD ROAD
PENFIELD, NEW YORK 14526
HOURS: 8:00 AM-4:00 PM
FAX: 585-586-0491

TOWN JUSTICE
JOHN P. LOMENZO, JR.

COURT CLERK
ELYSE K. VOIGT
585-340-8723

TOWN JUSTICE
JAMES P. MULLEY, JR.

COURT CLERK
KIRSTEN SHEPANSKI
585-340-8624

December 20, 2017



Dear █████████

    As requested, enclosed please find the Certificates of Disposition for the following case numbers:

1) ███████
2)
3)
4)
5)
6)

    All cases that should have been sealed per CPL §160.55 or §160.50 were sealed at the time of sentencing or dismissal. CPL §160.55 does not apply to case number ████████ or ████████. For your records, I have also included Certificates of Disposition specifying the seal sections for applicable cases.

    Please contact the Court if you have any questions or concerns.

Very Truly Yours,

Elyse Voigt
Clerk to Hon. John P. Lomenzo, Jr.

# EXHIBIT 13



FEBRUARY 01, 2018

<u>VIA FACSIMILE (585.586.0491) AND REGULAR MAIL</u>

Penfield Town Court
1985 Baird Road
Penfield, NY 14526

**Re: Courtesy Letter Regarding November 08, 2017 Motions to Seal**

To Whom It May Concern:

On November 08, 2017, I properly filed six motions before this Court. In mid-December 2017 I contacted this court to inquire into if orders were issued and if not, when the motions were docketed to be heard. In response to my inquiry, I was told that the cases were sealed and I would be sent Certificates of Disposition stating such.

In early January 2018, I received Certificates of Disposition that indicated the cases were not sealed. Upon contacting the Court on January 12, 2018, I was transferred to Judge Mulley. I stated to Judge Mulley that I simply request that the motions be docketed and ruled on as required by law, wherein I would be afforded the most basic and fundamental due process and equal protection rights under the law. Judge Mulley stated that he would contact me after reviewing the matter.

On January 23, 2017, Judge Mully contacted me and stated that the he didn't believe that NY CPL § 160.55 applied to the cases, but that my motions had "essentially" been granted. I explained that I disagreed with his reasoning for why the statute did not apply to the motions, that my motions were not granted (the Certificates of Disposition, December 20, 2017 letter, and lack of court orders granting the motions make this clear), and that I simply request if it is the court's position that the motions should be denied that I be sent orders denying them. In fact, I sent a six page letter to the court outlining why NY CPL § 160.55 clearly mandates the sealing of the cases and clearly articulating that even if the court disagrees with this analysis, that I simply be sent orders denying the motions. I received no response from this Court.

I am sure the court is aware that the there long standing precedent in New York that NY CPLR, not NY CPL, is controlling when a motion to seal a criminal record is filed.[1] Thus, CPLR 2219 is controlling here, of which mandates that the motion be heard within 60 days and as of today, it has been over 80 days since the motion was filed.

In light of the foregoing, I believe I have been extremely reasonable with this Court, which includes the mailing of this courtesy letter in place of immediately commencing an action. In

---

[1] "A court's ruling on a [record-sealing] motion is a civil matter[,] for although it relates to a criminal matter, it does not affect the criminal judgment itself, but only a collateral aspect of it—namely, the sealing of the court record' " (People v Anonymous, 7 AD3d 309, 310, quoting Matter of Hynes v Karassik, 47 NY2d 659, 661 n 1; *see also* Matter of Katherine B. v Cataldo, 5 NY3d 196, 201 n 1).

return, I simply ask that this Court be reasonable, fair, and dispense of justice in accordance with the law. Specifically, I seek nothing more than due process and equal protection under the law.

With this said, I again respectfully request that this Court issue orders in response to the motions filed on November 08, 2017 and that the orders be mailed to me at the address indicated on the motions and that if the orders are granted that new Certificates of Disposition be mailed to me reflecting that the cases are sealed and that I be notified of the costs thereof so that I can promptly submit payment to the court.

Alternatively, if I do not receive the orders on or before February 15, 2018, this Court will leave me with no choice but to immediately commence (1) an Article 78 proceeding to compel the justices of this Court to issue orders on the motions and/or (2) a federal action to permanently enjoin the justices and court clerks[2] of this Court from the continued denial of my most basic and fundamental due process and equal protection rights. I will also seek to recover damages, where appropriate.

Sincerely,



---

[2]NY CPL § 160.55 mandates that the Clerk of the Court "shall" act in accordance with the statute. Additionally, many aspects of the filing of a motion, including its docketing, are controlled by the Clerk of Court.

# EXHIBIT 14



# Office of the County Executive
## Monroe County, New York

**Maggie Brooks**
*County Executive*

Daniel M. DeLaus, Jr.
Dep█████████████████

OFFICIAL FILE COPY

Not to be removed from the
Office of the
Legislature of
Monroe County
Committee Assignment
**WAYS & MEANS** ..1.

█████████ 2012

To The Honorable
Monroe County Legislature
407 County Office Building
Rochester, New York 14614

Subject:      Authorization to Settle Lawsuit entitled ████████████
██████████████████ v. County of Monroe, Monroe County Sheriff's
Department, Patrick O'Flynn, Deputy Jason Surowy and Deputy J. Cave"

Honorable Legislators:

I recommend that Your Honorable Body authorize a settlement in the amount of $90,000 in an action brought against the County of Monroe, the Monroe County Sheriff's Department, Monroe County Sheriff Patrick O'Flynn, Monroe County Deputy Sheriff Jason Surowy and Monroe County Deputy Sheriff J. Cave by ████

The ████████████ lawsuit arises out of the use of force against and/or arrest of plaintiffs following an incident on December ███ 2005.

The specific legislative actions required are:

1.      Authorize the settlement of the ████████████ lawsuit for $90,000.

2.      Authorize the County Executive, or her designee, to execute and deliver any and all documents necessary to effectuate such settlement.

Funding for the payment of the settlement is available in the Risk Management Fund. No additional net County support is required in the current Monroe County budget.

I recommend that this matter be referred to the appropriate committee(s) for favorable action by Your Honorable Body. I request that the ████████████ lawsuit referral be considered in Executive Session, pursuant to the Public Officers Law.

Sincerely,

Maggie Brooks
County Executive

110 County Office Building • 39 West Main Street • Rochester, N.Y. 14614
(585) 753-1000 • *fax:* (585) 753-1014 • *www.monroecounty.gov* • *e-mail:* countyexecutive@monroecounty.gov

# EXHIBIT 15



**NEW YORK STATE**
**LAW REPORTING BUREAU**
17 Lodge Street
Albany, New York 12207
518.453.6900

reporter@nycourts.gov

William J. Hooks
State Reporter

May 10, 2018



Re: ███████████████████████

Dear ████████

    I have received your letter, dated May 5, 2018, requesting that the reporting and future publication of the above-referenced opinion be revoked.

    The Law Reporting Bureau publishes the decisions that are provided to it pursuant to statute by the courts. Decisions are not removed from publication without a direction to do so from the authoring court. If you feel that the above-captioned opinion should be removed from publication, you should make your request to the judge who rendered the opinion — in this case, Town Justice John P. Lomenzo, Jr. This office will comply with any direction that it receives from the court.

Sincerely,

*William J. Hooks*

William J. Hooks
State Reporter

# EXHIBIT 16

STATE OF NEW YORK        COUNTY OF MONROE
JUSTICE COURT           TOWN OF PENFIELD

PEOPLE OF THE STATE OF NEW YORK

-vs-                                    **DECISION and ORDER**

                        Defendant.

On May 21, 2018 the defendant filed a motion with this Court in which he requests that an order be issued (a) requiring the sealing of court records and (b) directing the New York State Court Reporter not to publish the decision of this Court, dated February 13, 2018.

Upon review of the motion papers, including all exhibits filed therewith, and upon due deliberation thereon, the motion is denied in all respects, as this Court finds the defendant's arguments to be totally without merit. Furthermore, if the defendant was dissatisfied with the decision of this Court, dated February 13, 2018, his remedy was to appeal that decision. No such appeal was filed. Lastly, this Court suggested and the State Reporter agreed to publish said decision under an anonymous name in place of the defendant's actual name.

This constitutes the decision and order of the Court.

Dated: May 29, 2018

                        John P. Lomenzo Jr.
                        Penfield Town Justice

# EXHIBIT 17



# New York Official Reports
## Most Recent Decisions
### Other Court Decisions

Home > Decisions

| HOME | DECISIONS | ADVANCED SEARCH | STYLE MANUAL | RESEARCH | CITATION SERVICES |

**Search this Page  |  Advanced Search  |  Current Month**

# Archives

MAY, 2018

### Cases Posted May 31, 2018

| Title | Court | Date | Slip Op No. |
|---|---|---|---|
| People v Abdur-Razzaq | Sup Ct, Bronx County | 5/29/2018 | 2018 NY Slip Op 28161 |
| Matter of Cobb v New York City Police Dept. | Sup Ct, NY County | 5/30/2018 | 2018 NY Slip Op 50792(U) |
| Chow v 86 Bay LLC | Civ Ct City NY, Kings County | 5/18/2018 | 2018 NY Slip Op 50793(U) |
| JP Morgan Chase Bank, N.A. v Brunett | Sup Ct, Suffolk County | 5/29/2018 | 2018 NY Slip Op 50794(U) |
| Pynn v 163rd St., LLC | Sup Ct, Kings County | 5/30/2018 | 2018 NY Slip Op 50795(U) |
| People v B.G. | Just Ct Town Penfield, Monroe County | 8/12/2004 | 2004 NY Slip Op 51965(U) |
| Stavinsky v Prof-2013-S3 Legal Tit. Trust | Sup Ct, NY County | 5/10/2018 | 2018 NY Slip Op 28160 |
| McCrum v Halsey | Sup Ct, Westchester County | 5/29/2018 | 2018 NY Slip Op 50790(U) |
| People v Turner | Sup Ct, Bronx County | 5/18/2018 | 2018 NY Slip Op 50791(U) |
| Beirne v Ames' Strand View W. Corp. | Sup Ct, Nassau County | 12/22/2016 | 2016 NY Slip Op 32879(U) |
| Suponya v Sr. Louise Demarillac Corp. | Sup Ct, NY County | 5/18/2018 | 2018 NY Slip Op 30983(U) |
| Abyssinian Dev. Corp. v Bistricer | Sup Ct, NY County | 5/18/2018 | 2018 NY Slip Op 30984(U) |
| Gladstein v Keane | Sup Ct, NY County | 5/16/2018 | 2018 NY Slip Op 30985(U) |
| Stella, L.L.C. v Equity Concepts LLC | Sup Ct, NY County | 5/18/2018 | 2018 NY Slip Op 30986(U) |
| PEG Bandwidth, LLC v Optical Communications Group, Inc. | Sup Ct, NY County | 5/22/2018 | 2018 NY Slip Op 30987(U) |

| Borden v Gotham Plastic Surgery, PLLC | Sup Ct, NY County | 5/23/2018 | 2018 NY Slip Op 31013(U) |
| Berkowitz v Dunsky | Sup Ct, NY County | 5/22/2018 | 2018 NY Slip Op 31014(U) |

### Cases Posted May 30, 2018

| Title | Court | Date | Slip Op No. |
|---|---|---|---|
| People v Bundy | Just Ct Town Penfield, Monroe County | 5/23/2018 | 2018 NY Slip Op 28158 |
| Matter of Christian J. C.U. (Jorge R.C.) | Fam Ct, Kings County | 5/17/2018 | 2018 NY Slip Op 28159 |
| Nationstar Mtge., LLC v Saintval | Sup Ct, Suffolk County | 5/22/2018 | 2018 NY Slip Op 50751(U) |
| People v Tan Lin Jhu | Sup Ct, Kings County | 5/29/2018 | 2018 NY Slip Op 50752(U) |
| People v Jimenez | Crim Ct City NY, NY County | 5/30/2018 | 2018 NY Slip Op 50753(U) |
| Trachtenberg Rodes & Friedberg, LLP v Rundell | Sup Ct, NY County | 5/29/2018 | 2018 NY Slip Op 50754(U) |
| AB Oil Servs. Ltd. v TCE Ins. Servs., Inc. | Sup Ct, Suffolk County | 5/24/2018 | 2018 NY Slip Op 50755(U) |
| Y.G. v T.K. | Sup Ct, Kings County | 5/30/2018 | 2018 NY Slip Op 50756(U) |
| Gonzalez v Weill Med. Coll. of Cornell Univ. | Sup Ct, Bronx County | 4/18/2018 | 2018 NY Slip Op 30980(U) |
| Garcia v City of New York | Sup Ct, Bronx County | 4/19/2018 | 2018 NY Slip Op 30981(U) |
| Cirino v 15 E. 208th St. Realty Corp. | Sup Ct, Bronx County | 4/3/2018 | 2018 NY Slip Op 30982(U) |