# EXHIBIT 18



**STATE OF NEW YORK**
**MONROE COUNTY**
**SUPREME & COUNTY COURTS**
**545 HALL OF JUSTICE**
**ROCHESTER, NEW YORK 14614–2184**
**(585) 371-3758**
Fax (585) 371-3780

LISA L. PRESTON
Chief Clerk

NICHOLAS SPRAGUE
Deputy Chief Clerk

**HON. CRAIG J. DORAN**
Administrative Judge
Seventh Judicial District

October 26, 2018

███████████

RE: ████████████████████████████████████████████

Dear Appellant:

    This office has received your pro se Notice of Appeal. Enclosed are detailed instructions and a checklist to assist you in perfecting your appeal in this Appellate Court. **Please carefully read these instructions** as they contain important information for perfecting your appeal. The due date to perfect this appeal is **DECEMBER 25, 2018.** All required documents must be received by the Monroe County Court Appeals Unit on or before this date with acceptable proof of service that your opponent has been served with copies of all required documents and copies of any additional documents you submit for review by the Appellate Court. Failure to comply with any of the requirements as instructed could result in dismissal of your appeal.

    If you have retained counsel to represent you on this appeal, you must contact the Appeals Clerk of the Monroe County Court immediately by mail. You should forward this letter and these instructions to your attorney. Failure to do so will result in this appeal proceeding with you representing yourself.

Sincerely,

*Sally Frey*

Sally Frey, Appeals Clerk
Monroe County Court

# EXHIBIT 19

OFFICE OF THE

# District Attorney

OF MONROE COUNTY

SUITE 832
EBENEZER WATTS BUILDING
ROCHESTER, NEW YORK  14614

**SANDRA DOORLEY**
DISTRICT ATTORNEY

TELEPHONE 585-753-4334
FAX 585-753-4692

**PERRY DUCKLES**
FIRST ASSISTANT DISTRICT ATTORNEY

**MARK MONAGHAN**
SECOND ASSISTANT DISTRICT ATTORNEY

August 18, 2020

The Honorable Karen Bailey Turner
Monroe County Court Judge
545 Hall of Justice
Rochester, New York 14614-2184

RE: ████████████████████████

Dear Judge Bailey Turner:

The People are in receipt of Ms. Bowman's letter dated August 14, 2020, regarding the above captioned matter. The "civil appeal" filed by ████ appears to be an improperly filed Article 78 against a former Penfield Town Justice.

As such, this Court lacks jurisdiction over the matter (*see* CPLR 7804 [b]; *see also* CPLR 506). Further, while the People are an interested party, were are not a primary party (*see* CPLR 7802), thus in addition to being improperly filed, this matter was improperly served.

Given this matter appears to be a legal nullity, the People will not be responding further.

Respectfully submitted,

*Leah R. Mervine*

Leah R. Mervine
Assistant District Attorney

cc: 

Ms. Sally Frey
Appeals Clerk
Monroe County Court
545 Hall of Justice
Rochester, New York 14614

Richard J. Horowitz, Esq.
Town of Penfield Attorney
Penfield Town Hall
3100 Atlantic Avenue
Penfield, NY 14526

2

# EXHIBIT 20

# USPS Tracking®

FAQs >

**Track Another Package  +**

**Tracking Number:** 9405503699300012901745

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 12:20 pm on September 4, 2020 in ROCHESTER, NY 14614.

**USPS Premium Tracking™ Available** ∨

## ✅ Delivered

September 4, 2020 at 12:20 pm
Delivered, Front Desk/Reception/Mail Room
ROCHESTER, NY 14614

**Get Updates** ∨

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **Tracking History** | ∨ |
| **Premium Tracking** | ∨ |
| **Product Information** | ∨ |

**See Less** ∧

Feedback

# Can't find what you're looking for?



**UNITED STATES POSTAL SERVICE ®** **Click-N-Ship®**

P

usps.com
$7.75
**US POSTAGE**
Flat Rate Env

9405 5036 9930 0012 9017 45 0077 5000 0031 4614

09/01/2020    Mailed from ▮    062S0000000314

## PRIORITY MAIL 2-DAY™

Expected Delivery Date: 09/04/20

**0004**

**C003**

SHIP
TO: THE HONORABLE KAREN BAILEY TURNER
SUPREME COURT, MONROE COUNTY
99 EXCHANGE BLVD RM 545
**ROCHESTER NY 14614-2127**

### USPS TRACKING #

**9405 5036 9930 0012 9017 45**

Electronic Rate Approved #038555749



September 01, 2020

VIA USPS PRIORITY MAIL

The Honorable Karen Bailey Turner
Supreme Court, Monroe County
545 Hall of Justice
Rochester, New York 14614

Re: ███████████████████████████████

Dear Judge Turner:

As a preliminary matter, I find it inappropriate, for many reasons, that Respondent was provided with an opportunity to write this Court nearly two years after its deadline to file a brief. To be clear, bad lawyering does not provide a rationale for why this Court should babysit Ms. Mervine and disregard established rules. Any reasonable person, let alone an attorney, would respond to any matter filed against him or her, regardless if he or she believes it lacks merit. This said, while there is no valid argument to defend the indefensible, which is the decision and order on appeal, Ms. Mervine had the opportunity to file a brief nearly two years ago, of which I would have responded to with a reply brief, but she failed to act. Thus, she should not be treated any differently than any other litigant would be treated when a filing deadline is missed, let alone by nearly two years.

Now, Ms. Mervine is attempting to mislead this Court, which cannot stand. This said, while I dispute that Ms. Mervine's letter can be treated as a brief on behalf of Respondent as a result of her clear failure to comply with NY CPLR §§ 5528 and 5530(a), I will address her unartful letter herein.

First, I properly filed a motion on May 18, 2018 in the Penfield Town Court to (1) seal court records pursuant to NYCRR § 216.1 and NY CPL § 160.50 and (2) order the New York State Court Reporter to unpublish an opinion.[1] In response to said motion, a decision and order was rendered on May 29, 2018, of which is the subject of this appeal.

It is indisputable that the decision and order rendered on May 29, 2018, of which is an appealable paper pursuant to NY CPLR § 5512, is appealable pursuant to UJC § 1702[2] and NY CPLR § 5515. *See Matter of Katherine B. v Hon. John Cataldo*, 5 NY3d 196 (2005). As held by the First Department in *People v. Anonymous*, 7 AD3d 309 (2014):

---

[1] The Plaintiff was properly served, but failed to respond.

[2] Specifying that this appeal was taken as of right.

As an initial matter, we find unavailing the People's contention that the subject order is nonappealable. It has been held that a court's ruling on a CPL 160.50 motion is a civil matter "for although it relates to a criminal matter, it does not affect the criminal judgment itself, but only a collateral aspect of it—namely, the sealing of the court record" (*Matter of Hynes v Karassik*, 47 NY2d 659, 661 n 1 [1979]). As such, defendant is an aggrieved party who may properly appeal from the subject order (CPLR 5511; *see People v Public Serv. Mut. Ins. Co.*, 37 NY2d 606, 610-611 [1975]; *People v Purley*, 297 AD2d 499, 501 [2002], *lv denied* 99 NY2d 503 [2002]). Pursuant to NY CPLR § 5512, said decision and order was appealable and I properly noticed the appeal pursuant to NY CPLR § 5515.

Stated differently, in *People v. M.E.*, 121 AD3d 157, 159 (2014), the Fourth Department held:

Initially, we note that the authority for a direct appeal of this order is not set forth in article 450 of the Criminal Procedure Law (*People v Purley*, 297 AD2d 499, 501 [2002], *lv denied* 99 NY2d 503 [2002]). Nevertheless, "a court's ruling on a [record-sealing] motion is a civil matter[,] 'for although it relates to a criminal matter, it does not affect the criminal judgment itself, but only a collateral aspect of it—namely, the sealing of the court record' " (*People v Anonymous*, 7 AD3d 309, 310 [2004], quoting *Matter of Hynes v Karassik*, 47 NY2d 659, 661 n 1 [1979]; *see Matter of Katherine B. v Cataldo*, 5 NY3d 196, 201 n 1 [2005]). As such, "the order [on appeal] was an exercise of the [motion] court's civil jurisdiction" (*Purley*, 297 AD2d at 501; *see* CPL 10.10 [7]; *see generally* NY Const, art VI, § 11 [a], [b]) and, because defendant is an "aggrieved party" under these circumstances (CPLR 5511), her appeal is properly before us pursuant to CPLR 5701 (a) (2) (v) (*see e.g. Anonymous*, 7 AD3d at 310).

Thus, my timely and properly filed appeal pursuant to NY CPLR §§ 5513 and 5515, respectively, is correctly before this Court.

Second, if I desired to file an Article 78 petition, I would have done so. This said, what "appears to be" filed is an appeal, of which is exactly what I intended to file, and Ms. Mervine's fabricated and incoherent conspiracy about a simple matter is nothing more than an attempt to distract from her inability to do her job. In fact, even if Ms. Mervine didn't understand such elementary legal principles, she could have looked to the Court of Appeals for guidance. Specifically, in *Matter of Katherine B.*, 5 NY3d 196 (2005), the Court of Appeals heard a matter regarding the sealing of court records pursuant to CPL § 160.50, of which was filed as an Article 78 petition, and properly held:

CPLR article 78 is not the proper procedural vehicle for the relief sought here because petitioners do not challenge a public official's ministerial acts or actions taken in excess of authority (see *Matter of Crain Communications v Hughes*, 74 NY2d 626 [1989]). As the People acknowledge, petitioners could have properly sought judicial review of the unsealing of petitioners' records by timely civil appeal (see *Matter of Hynes v Karassik*, 47 NY2d 659, 661 n 1 [1979]; see also *People v McLoughlin*, 65 NY2d 687 [1985]). ... Petitioners filed their CPLR article 78 petition nine days after Supreme Court issued its decision and order denying their motion to vacate and reseal. Moreover, petitioners served the petition on the same individuals who would have been parties on appeal and included the same materials in the petition as would have comprised the appellate record. In light of these particular circumstances, we have converted this CPLR article 78 proceeding into the proper form, which is a civil appeal (see CPLR 103 [c]).

Not only is this appeal properly before this Court, but all procedural requirements, including the filing of the pre-calendar statement and notice of appeal[3] and service of it[4] and my brief[5] upon the Respondent, have been satisfied. This said, even if Ms. Mervine's wild theory were true, NY CPLR § 103(c), of which the Court of Appeals relied on in *Matter of Katherine B., supra*, albeit entirely inappropriate here, clearly allows this Court to convert my appeal to an Article 78 matter and maintain jurisdiction over it. Thus, only a fool would write such an arrogant letter as Ms. Mervine has done here.

Third, *stare decisis* is alive and well in New York and therefore, the foregoing cannot be disputed. In *People v. Damiano*, 87 N.Y.2d 477, 488-489 (1996), the Court of Appeals held:

As a matter of principle, stare decisis is accepted for two reasons. First, following precedent enhances stability in the law because the failure of a court to settle on a rule invites perpetual attack and reexamination, with the real possibility that governing rules will change whenever the composition of the Court changes. It is rare that all members of the Court fully agree on a particular subject and it is more important that there be a predictable rule to govern conduct than that the rule be "right" (see, *Burnet v Coronado Oil & Gas Co.*, 285 US 393, 406 [Brandeis, J., dissenting]). Any other course can lead to anarchy as trial courts and intermediate appellate courts, who must apply the law as we declare it, speculate on what our

---

[3] *See* Annex A.

[4] *See* Annex B.

[5] *See* Annex C.

latest view on the subject will be. For this reason alone, Judges have an institutional obligation to respect the doctrine and abide by it (see, *Robbins v California*, 453 US 420, 436, n 4 [Powell, J., concurring]; see also, *Planned Parenthood v Casey*, 505 US 833, 854-869). Moreover, the reiteration of arguments against the rule after they have been considered and rejected several times permits an unwarranted inference by the Bar and public that those rules remain open to debate. Further, and most importantly, stare decisis is a rule of legitimacy.

Fourth, considering the adverse party in the underlying matter was the People of the State of New York and I am the Appellant in this appeal, the Respondent is the People of the State of New York.[6] Again, if Ms. Mervine wants to engage in atrocious lawyering and incompetently classify the Respondent as an "interested party" and therefore "not ... respond[ ] [any] further," so be it, but it is not this Court's role to babysit her, especially when she is not a layperson.

Fifth, Ms. Mervine, acting as the self-proclaimed dictator she so willingly professes to be, violated NY CPL § 160.50 when she sent her letter to the Town of Penfield. Not only does the Town of Penfield have nothing to do with this matter, but NY CPL § 160.50 certainly forbids such conduct.[7] To lawfully obliterate any statutory command, of which all United States citizens enjoy equal protection of, Ms. Mervine must first get elected by the citizenry and convince many other elected officials that her discriminatory, draconian, and dictatorial desires should prevail over the equal, compassionate, and democratic norms enjoyed in the United States. Until then, the statutory commands of NY CPL § 160.50 are very much alive and well and cannot be trampled on.

In light of the aforementioned, Ms. Mervine's dangerous attempt to mislead this Court down a dark path that is contrary to all statutory commands and precedent cannot be tolerated. This civil appeal was properly filed *nearly two years ago* in response to a disturbing decision and order, of which I have waited patiently to be resolved. This said, I believe that justice is far overdue and only ask that this Court, in accordance with black letter law, treat me fairly.

Sincerely,



Enclosure

---

[6] *See* NY CPLR § 5515.

[7] *See* NY CPL § 160.50(d).

The Honorable Karen Bailey Turner
September 01, 2020
Page 5 of 5

cc:    Sally Frey
Monroe County Court
Appeals Unit
545 Hall of Justice
Rochester, New York 14614

Leah Mervine
Monroe County District Attorney's Office
47 S Fitzhugh Street
Rochester, New York 14614

# EXHIBIT 21



**UNITED STATES POSTAL SERVICE** ® **Click-N-Ship**®

**P**

usps.com
$7.75
**US POSTAGE**
Flat Rate Env

09/22/2020    Mailed from    062S0000001309

**PRIORITY MAIL 1-DAY™**

Expected Delivery Date: 09/23/20

**0006**

**Carrier -- Leave if No Response**    **B001**

SHIP
TO:

**USPS TRACKING #**

Electronic Rate Approved #038555749

# EXHIBIT 22

**UNITED STATES POSTAL SERVICE ®**   **Click-N-Ship®**



P

usps.com
$7.75
**US POSTAGE**
Flat Rate Env

9405 5036 9930 0036 5840 61 0077 5000 0031 4614

09/22/2020          Mailed from          062S0000000312

## PRIORITY MAIL 2-DAY™

Expected Delivery Date: 09/25/20

**0004**

**Carrier -- Leave if No Response**   | **C003** |

SHIP TO:  DESTINI KAMILLE BOWMAN
CLERK FOR JUDGE KAREN BAILEY TURNER
99 EXCHANGE BLVD
RM 545
**ROCHESTER NY 14614-2127**

### USPS TRACKING #



**9405 5036 9930 0036 5840 61**

Electronic Rate Approved #038555749

# EXHIBIT 23

# USPS Tracking®

FAQs >

**Track Another Package  +**

**Tracking Number:** 9405503699300036584061

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 2:36 pm on September 25, 2020 in ROCHESTER, NY 14614.

**USPS Premium Tracking™ Available** ⌄

## ⊘ Delivered

September 25, 2020 at 2:36 pm
Delivered, Front Desk/Reception/Mail Room
ROCHESTER, NY 14614

**Get Updates** ⌄

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Premium Tracking** | ⌄ |
| **Product Information** | ⌄ |

**See Less** ⌃

Feedback

## Can't find what you're looking for?

# EXHIBIT 24

## State of New York - Supreme Court Justice - Seventh Judicial District

NYS Supreme Court
161 Hall of Justice
Rochester, NY 14614

**(585) 371-3266**
**(585) 371-3286**
www.nycourts.gov/courts/7jd

**Hon John J Ark (R-I-C)**
State Supreme Court Justice
Secretary: Donna M. Otto
Law Clerk: Fred Infantino

**(585) 371-3607**
(585) 784-4218 Fax
(585) 371-3654 Law Clerk
14 Year Term - expires 2016

**Hon Elma A Bellini (R-I-C)**
State Supreme Court Justice
Secretary: Linda Dentino
Law Clerk: Lori Fioravanti

**(585) 371-3625**
(585) 784-4214 Fax
(585) 371-3634 Law Clerk
14 Year Term - expires 2022

**Hon Gail A Donofrio (R-C-W)**
State Supreme Court Justice
Secretary: Kathleen Saltrelli
Law Clerk: Stacey Romeo

**(585) 371-3502**
(585) 784-4202 Fax
(585) 371-3499 Law Clerk
14 Year Term - expires 2025

**Hon Craig J Doran (R-C-W-I-RF)**
State Supreme Court Justice
Secretary: Shirley Westfall
Law Clerk: Jacqueline Sisson

**(585) 371-3752**
(585) 784-4225 Fax
(585) 371-3614 Law Clerk
14 Year Term - expires 2029

**Hon Daniel J Doyle (R-I-C)**
State Supreme Court Justice
Secretary: Concetta Gilberti
Law Clerk: Martin McCarthy

**(585) 371-3643**
(585) 784-4209 Fax
(585) 371-3672 Law Clerk
14 Year Term - expires 2020

**Hon Kenneth R Fisher (R-I-C)**
State Supreme Court Justice
Secretary: Cathy Hallimen
Law Clerk: Timothy Broshears

**(585) 371-3753**
(585) 784-4208 Fax
(585) 371-3608 Law Clerk
14 Year Term - expires 2022

**Hon Evelyn M Frazee (R-I-C)**
State Supreme Court Justice
Secretary: Roberta Kerry-Sharick
Law Clerk: Sharon L. Higginbotham

**(585) 371-3659**
(585) 784-4227 Fax
(585) 371-3707 Law Clerk
14 Year Term - expires 2020

**Hon Thomas E Moran (R-C-I)**
State Supreme Court Justice
Secretary: Sarah Durbin
Law Clerk: Kyle Mackay

**(585) 371-3684**
(585) 784-4222 Fax
(585) 371-3666 Law Clerk
14 Year Term - expires 2024

31

# EXHIBIT 25



**STATE OF NEW YORK**
**MONROE COUNTY**
**SUPREME & COUNTY COURTS**
**545 HALL OF JUSTICE**
**ROCHESTER, NEW YORK 14614–2184**
**(585) 371-3758**
**Fax  (585) 371-3780**

**LISA L. PRESTON**
Chief Clerk

**NICHOLAS SPRAGUE**
Deputy Chief Clerk

**HON. CRAIG J. DORAN**
Administrative Judge
Seventh Judicial District

October 5, 2020

██████████████████████████

RE:  ██████████████████████████████████

Dear Appellant:

     Your appeal has been reassigned.  The new judge is Hon. Douglas A. Randall.  Please contact his chambers directly.  The address is listed above and the chambers phone number is (585) 371-3649.

        Sincerely,

        Sally Frey, Appeals Clerk
        Monroe County Court

# EXHIBIT 26



*County Court Chambers*
*545 Hall of Justice*
*Rochester, New York 14614-2184*
*Phone: (585) 371-3659*
*Fax:   (585) 784-4227*

*Karen Bailey Turner*                                     *Destini K. Bowman, Esq.*
*County Court Judge*                                      *Principal Law Clerk*

August 14, 2020

Leah Mervine, Esq., ADA
Monroe County District Attorney's Office
47 S. Fitzhugh Street, Suite 832
Rochester, NY 14614

**Re:**    ████████████████████████████████

Dear Counsel:

On July 13, 2020, the Court was assigned to decide Appellant's *pro se* appeal to the civil division, from an order of the Penfield Town Court, entered on May 29, 2018. The Monroe County District Attorney's Office (People) is listed as served with notice of this appeal on June 12, 2018. Appellant perfected their appeal by December 25, 2018. To this date, the People have not responded. Included with this letter to the People only, are the documents filed with the Court. The People must file a response no later than **August 31, 2020.**

Sincerely,

Destini K. Bowman, Esq.
Principal Law Clerk to
Hon. Karen Bailey Turner
Monroe County Court Judge

CC:    ████████████████

# EXHIBIT 27

From: ███████████████████████████████
Subject:
Date: January 5, 2021 at 12:51 PM
To: jjvalent@nycourts.gov

Dear Mr. Valentino:

I wanted to follow-up on our telephone conversation before the holidays regarding the letter that you had mailed to me in the above-referenced matter. Unfortunately, I have not yet received your letter at either of my addresses, and my USPS Informed Delivery has likewise not captured any images of it. In light of there being an issue with my ability to receive mail originating from the Court, I wanted to create a line of communication for us via email. Moving forward, I kindly ask that any communications in the above-referenced matter, including the decision, be emailed to this email address.

Regarding the substance of your letter, as I understand it from our previous telephone conversation, you had set a date whereby you requested that the parties communicate to you if they desired oral argument. While the Respondent has indicated that it will not participate in the appeal per (a) its failure to respond to my brief in accordance with the Rules of the Court and (b) Ms. Mevine's August 18, 2020 letter, just as it did not participate in the underlying matter that gave rise to the appeal, I request oral argument in the matter. In addition, while I addressed Ms. Mevine's August 18, 2020 letter in my September 01, 2020 letter to Judge Turner, I believe it is important that I address her letter and answer any questions that the Court may have regarding it during oral argument.

If oral argument is granted, my direct telephone number is ███████████.

Sincerely,

███████████████████

# EXHIBIT 28

From: ████████████████████████
Subject: ████████████████████████
Date: January 7, 2021 at 11:33 AM
To: jjvalent@nycourts.gov

Dear Mr. Valentino:

I wanted to touch base regarding my January 05, 2021 email to you. Can you please email me a copy of the letter that you sent regarding oral argument and confirm that future communications in the above-referenced matter will be emailed to me at this email address?

Sincerely,

████████████████

# EXHIBIT 29

From: ████████████████████████████
Subject: ████████████████████████████
Date: January 11, 2021 at 7:46 AM
To: jjvalent@nycourts.gov

Dear Mr. Valentino:

I am following up on my January 05, 2021 and January 07, 2021 emails to you. Can you please email me a copy of the letter that you sent regarding oral argument and confirm that future communications in the above-referenced matter will be emailed to me at this email address?

Sincerely,

████████████████

# EXHIBIT 30

From: █████████████████████████████████████████
Subject: █████████████████████████████████████████
Date: January 13, 2021 at 11:44 AM
To: jjvalent@nycourts.gov
Cc: ig@nycourts.gov, cdoran@nycourts.gov

Dear Mr. Valentino:

On January 05, 2021, I sent you an email to follow-up on our telephone conversation before the holidays regarding the letter that you had purportedly mailed to me in the above-referenced matter. As stated in my email to you, I have not yet received your letter, and my USPS Informed Delivery has likewise not captured any images of it. In light of there being an issue with my ability to receive mail originating from you, I kindly requested that any communications in the above-referenced matter, including the decision, be emailed to this email address. Further, in response to the substance of your letter as described to me during our telephone conversation, I requested oral argument in the above-referenced matter. You did not respond.

On January 07, 2021 and January 11, 2021, I sent you emails to follow-up on my January 05, 2021 email. Specifically, my emails stated "[c]an you please email me a copy of the letter that you sent regarding oral argument and confirm that future communications in the above-referenced matter will be emailed to me at this email address?" You did not respond to either email.

I'd note that this is not the first occurrence of my most fundamental constitutional and statutory rights being violated during this appeal. Before Judge Turner recused herself from the appeal, Ms. Bowman, the law clerk to Judge Turner, likewise didn't send me a letter that she sent to the Respondent in the matter, who was her employer before recently becoming Judge Turner's law clerk. After over two months of patiently waiting for the letter, in an effort to remedy the matter, I sent Ms. Bowman a prepaid/self-addressed USPS Priority Mail envelope and paid for said envelope to be expeditiously delivered to her with tracking. Unfortunately, after contacting Ms. Bowman regarding the prepaid/self-addressed USPS Priority Mail envelope and simply inquiring into the status of the appeal, on a recorded telephone call, she attempted to threaten me, wherein she stated that I cannot call her to inquire into the status of the matter, which is entirely unconstitutional, and that, regardless of the fact that two weeks had passed since she received the prepaid/self-addressed USPS Priority Mail envelope, she was still not willing to mail me the letter. It was only after I set a deadline for when I was going to commence a federal action against Ms. Bowman that the prepaid/self-addressed USPS Priority Mail envelope was mailed, which is wrong. To make matters worse, Ms. Bowman was entirely aware that I was not receiving her mail. Yet, after stating this to her on the recorded telephone call, she stated that the decision would be mailed to me and again attempted to threaten me about calling her to inquire into the status of the matter, wherein Ms. Bowman attempted to usurp the United States Constitution and create authoritarian powers that she certainly will never possess. Unfortunately, Ms. Bowman was also aware of the fact that if I choose to appeal the decision, I would be required to do so within a certain amount of days after the decision is rendered and therefore, she was further interfering with my most basic and fundamental constitutional rights through the use of unlawful threats. Coincidentally, after Judge Turner recused herself, I received a letter for the Appeals Clerk specifically stating that I should speak with you, the law clerk to Judge Randall, moving forward.

To be clear, besides the decision, I was not expecting to receive any communications in this appeal as the Respondent is not taking part in it. In fact, I was shocked when I received a letter from the Respondent at the same address that Ms. Bowman purportedly mailed her letter, of which was in response to Ms. Bowman's letter. Unfortunately, without any request from the Respondent, Ms. Bowman's letter curtailed the Court Rules and allowed the Respondent to file an answer to my brief nearly two years after said answer was due, but failed to allow for my right to file a reply brief, of which I would have been entitled to file had the Respondent abided by the Court Rules and filed its answer when it was required to. Further, while I appreciate your inquiry into if oral argument is requested, I never received your letter and therefore, had I not contacted you via telephone, I would have never known of its existence. This said, my request is not burdensome and is only necessary due to the oddity occurring with mail originating from you and Ms. Bowman.

In light of the foregoing, I can no longer be subjected to these repeated and egregious violations of my most basic and fundamental constitutional rights. Reasonable minds would agree that responses to my simple, yet important, questions are required in light of fundamental due process and equal protection mandates and basic ethical considerations. In fact, the simplicity, yet importance of my questions, makes it clear that I am only asking the Court to engage with me fairly and in good faith and perform its most basic function as an impartial arbiter. This said, I again kindly ask that you please email me a copy of the letter that you sent regarding oral argument and confirm that future communications in the above-referenced matter will be emailed to me at this email address.

Sincerely,

███████████████

---------- Forwarded message ----------
From: █████████████████████████
Date: Mon, Jan 11, 2021 at 7:46 AM
Subject: █████████████████████████████
To: <jjvalent@nycourts.gov>

Dear Mr. Valentino:

I am following up on my January 05, 2021 and January 07, 2021 emails to you. Can you please email me a copy of the letter that you sent regarding oral argument and confirm that future communications in the above-referenced matter will be emailed to me at this email address?

Sincerely,

██████████

---------- Forwarded message ---------
From: █████████████████████████
Date: Thu, Jan 7, 2021 at 11:33 AM
Subject: ██████████████████████████████████
To: <jjvalent@nycourts.gov>

Dear Mr. Valentino:

I wanted to touch base regarding my January 05, 2021 email to you. Can you please email me a copy of the letter that you sent regarding oral argument and confirm that future communications in the above-referenced matter will be emailed to me at this email address?

Sincerely,

██████████

---------- Forwarded message ---------
From: █████████████████████████
Date: Tue, Jan 5, 2021 at 12:51 PM
Subject: ██████████████████████████████████
To: <jjvalent@nycourts.gov>

Dear Mr. Valentino:

I wanted to follow-up on our telephone conversation before the holidays regarding the letter that you had mailed to me in the above-referenced matter. Unfortunately, I have not yet received your letter at either of my addresses, and my USPS Informed Delivery has likewise not captured any images of it. In light of there being an issue with my ability to receive mail originating from the Court, I wanted to create a line of communication for us via email. Moving forward, I kindly ask that any communications in the above-referenced matter, including the decision, be emailed to this email address.

Regarding the substance of your letter, as I understand it from our previous telephone conversation, you had set a date whereby you requested that the parties communicate to you if they desired oral argument. While the Respondent has indicated that it will not participate in the appeal per (a) its failure to respond to my brief in accordance with the Rules of the Court and (b) Ms. Mevine's August 18, 2020 letter, just as it did not participate in the underlying matter that gave rise to the appeal, I request oral argument in the matter. In addition, while I addressed Ms. Mevine's August 18, 2020 letter in my September 01, 2020 letter to Judge Turner, I believe it is important that I address her letter and answer any questions that the Court may have regarding it during oral argument.

If oral argument is granted, my direct telephone number is 917.353.8875.

Sincerely,

██████████

# EXHIBIT 31

From: ███████████████████████
Subject: ███████████████████████
Date: January 20, 2021 at 7:52 AM
To: jjvalent@nycourts.gov
Cc: ig@nycourts.gov, cdoran@nycourts.gov

Dear Mr. Valentino:

1. Pursuant to the Rules of the Court, on January 05, 2021, I requested oral argument in the above-referenced matter. Has oral argument been granted? If it has, when is it scheduled for? If it has not, what is the legal basis for why it has been denied?

2. Pursuant to the First Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution, I hereby request a response to the following question: has a decision been rendered in the above-referenced matter?

3. Pursuant to the First Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, and JUD § 255, I hereby request that a copy of any and all communications sent to the parties in the above-referenced matter from anyone in Judge Randall's Chambers be emailed to me at this email address, including, but not limited to, your communication related to oral argument. Upon request, I will promptly pay any fees allowed by law.

* * * * *

This email is not intended to be a full or complete statement of all relevant facts or applicable law, and nothing herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of my rights, remedies, claims, or causes of action, all of which are hereby expressly reserved.

Sincerely,

████████████

# EXHIBIT 32

From:  ███████████████████████████

Subject:

Date:  January 27, 2021 at 6:48 AM

To:  jjvalent@nycourts.gov

Cc:  ig@nycourts.gov, cdoran@nycourts.gov

Dear Mr. Valentino:

1. Pursuant to the Rules of the Court, on January 05, 2021, I requested oral argument in the above-referenced matter. Has oral argument been granted? If it has, when is it scheduled for? If it has not, what is the legal basis for why it has been denied?

2. Pursuant to the First Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution, I hereby request a response to the following question: has a decision been rendered in the above-referenced matter?

3. Pursuant to the First Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, and JUD § 255, I hereby request that a copy of any and all communications sent to the parties in the above-referenced matter from anyone in Judge Randall's Chambers be emailed to me at this email address, including, but not limited to, your communication related to oral argument. Upon request, I will promptly pay any fees allowed by law.

.. * * * * *

This email is not intended to be a full or complete statement of all relevant facts or applicable law, and nothing herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of my rights, remedies, claims, or causes of action, all of which are hereby expressly reserved.

Sincerely,

███████████

# EXHIBIT 33



From: **Joseph Valentino** jjvalent@nycourts.gov
Subject: ▆▆▆▆▆▆▆▆
Date: January 27, 2021 at 12:44 PM
To: ▆▆▆▆▆▆▆▆▆▆▆▆▆ DerekHarnsberger@monroecounty.gov
Cc: IG ig@nycourts.gov, **Hon. Craig Doran** cdoran@nycourts.gov, **Susan Hartwig** shartwig@nycourts.gov

▆▆▆▆▆▆▆▆▆▆

Judge Randall has reviewed all submissions to the court and is prepared to issue a decision.  The only communication to the parties from Judge Randall's chambers has been two letters sent from me to the parties on behalf of Judge Randall.  Those letters are attached to this email.  The first letter is a November 5, 2020 letter to ▆▆▆ at his ▆▆▆ address.  In that letter Judge Randall scheduled oral argument without either party requesting oral argument.  That letter to ▆▆▆ was returned as undeliverable to the court and oral argument obviously did not occur.  I found a second address for ▆▆▆ in our appeal file which is a ▆▆▆▆ address.  I wrote a second letter to the parties on November 20, 2020.  That letter instructed the parties that, if they are requesting oral argument, they must send an email or letter to the court to request oral argument.  The second letter to ▆▆▆ was also returned to the court as undeliverable.  The return envelopes are also attached to this email.

The court had no way to contact ▆▆▆ as both addresses we have had been returned as undeliverable.  Thankfully ▆▆▆ did contact the court by phone which was forwarded to me.  I spoke to ▆▆▆ on the phone and explained to ▆▆▆ the issues that court had with respect to having everything sent to ▆▆▆ returned as undeliverable.  I also explained to ▆▆▆ that Judge Randall just wanted to know whether or not he wanted oral argument.  ▆▆▆ stated to me that he just wanted a decision and that he did not need oral argument.  This communication from ▆▆▆ to me was explained to Judge Randall.  Judge Randall then began preparing a decision in this matter.

▆▆▆ states in his email to the court that he requested oral argument on January 5, 2021.  The court has not received any communication at all, oral or written, from either party requesting oral argument in this matter.  However, the court can schedule an oral argument in this matter.  The argument must be held virtually because of the pandemic.  Judge Randall can hold a virtual oral argument on February 8, 2021 at 3:00 p.m.  The parties will receive an email from Sue Hartwig that will have the link to the virtual proceeding.  Please let me know if that date and time works for you.

Also, ▆▆▆ , we will need a valid address for you so that Judge Randall's decision can be sent to you after it is issued.  Please send me your correct address so that I can update our appeal file.  If we do not receive a valid address I am afraid the court clerk's only option is to send the decision to the addresses we have on file.

Thank you,
Joseph Valentino, Esq.
Law Clerk to Hon. Douglas A. Randall