UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PUBLIUS PUBLICOLA,

                                      *Plaintiff*,

-against-                                    Index No. 21-CV-1303
                                                      (DNH/CFH)

JOHN LOMENZO, TOWN OF PENFIELD, JOSEPH
VALENTINO, DOUGLAS RANDALL, DESTINI
BOWMAN, KAREN BAILEY TURNER, CRAIG DORAN,
LEAH MERVINE, COUNTY OF MONROE, WILLIAM
HOOKS, CARA BROUSSEAU, NEW YORK STATE LAW
REPORTING BUREAU, SHAWN KERBY, AND NANCY
BARRY,

                                      *Defendants*.

# STATE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM AND FILE DOCUMENTS UNDER SEAL

                                                          LETITIA JAMES
                                                          Attorney General of the State of New York
                                                          Attorney for State Defendants
                                                          The Capitol
                                                         Albany, New York 12224-0341

Brittany M. Haner
Assistant Attorney General, of Counsel
Telephone: (518) 776-2389

## PRELIMINARY STATEMENT

State defendants, Joseph Valentino, Douglas Randall, Destini Bowman, Karen Bailey Turner, Craig Doran, William Hooks, Cara Brousseau, New York State Law Reporting Bureau, Shawn Kerby, and Nancy Barry ("State Defendants") submit this Memorandum of Law in opposition to the motion of Petitioner, Publius Publicola ("Plaintiff"), seeking permission to proceed in this civil action under a pseudonym and file documents under seal pursuant to FRCP Rule 10(a). Dkt. 4. Plaintiff's request must be denied because Plaintiff does not meet the criteria for so proceeding in this Circuit.

## STATEMENT OF FACTS

Plaintiff, whom identifies themself in this action by a pseudonym, "Publius Publicola," brings this motion to proceed under a pseudonym and file the case documents under seal in this 42 U.S.C. § 1983 action for violations of 1st Amendment protections of speech and the right to petition, due process, and equal protection, and for conspiracy to deprive Plaintiff of his rights to same against the defendants, a collection of Penfield Town and Monroe County, New York Court judges and their clerks and the New York State Law Reporting Bureau and staff (collectively, "Defendants").

Plaintiff avers that they were a resident of the Town of Penfield, New York as a child when they were criminally prosecuted in six cases. Dkt. 1, ¶ 74. According to the Complaint in this action, Plaintiff was criminally charged with two unspecified violations, a traffic infraction, a violation of New York's Alcoholic Beverage Control Law, and two unspecified violations of law that were allegedly dismissed in Plaintiff's

1

favor. *Id.* Plaintiff contends that they filed six motions in Penfield Town Court in November 2017 requesting that their criminal court records be sealed under New York's criminal records sealing statute. *Id.*, ¶ 77. The Complaint does not indicate the basis for this sealing.

According to Plaintiff, on February 13, 2018, defendant Judge John Lomenzo[1] decided Plaintiff's motions by denying them in their entirety. *Id.* ¶ 87. Plaintiff now takes issue with Judge Lomenzo's decision, its contents, and its underlying rationale. *Id.* Plaintiff seemingly considers the language of the decision to be retaliation. *Id.* ¶ 88. Plaintiff also avers that they discovered after the decision was issued that their records were in fact sealed. *Id.* ¶ 89.

Plaintiff also complains that Judge Lomenzo's decision was submitted to the New York State Law Reporting Bureau ("the Bureau") for publication on April 20, 2018, the decision was published by Thompson Reuters within a few hours, and two days later, Judge Lomenzo contacted the Bureau directing it to remove Plaintiff's name from the publication. *Id.* ¶ 105-108. Plaintiff further contends that Plaintiff's name was removed from the Bureau's publication the following day but believes that the edit did nothing to correct third-party publications. *Id.* ¶ 108.

Plaintiff purportedly filed another motion with Penfield Town Court on May 18, 2018 requesting again that his records be sealed and that the publications be corrected. *Id.* ¶ 117-118. Judge Lomenzo allegedly denied this motion as well on May 29, 2018. *Id.* ¶ 117-118. Plaintiff alleges that they appealed the decision on June 12,

---

[1] Judge Lomenzo is not represented by the New York State Office of the Attorney General.

2018 by Notice of Appeal to the Penfield Town Court and that a decision was rendered on February 9, 2021. *Id.* ¶¶ 131, 167. Plaintiff alleges that defendants Valentino and Bowman intentionally failed to mail Plaintiff a copy of the decision, thus jeopardizing his right to appeal it. *Id.* ¶ 173. Plaintiff surmises that the relief he requested was denied. *Id.* ¶ 174.

Lastly, Plaintiff contends that they submitted a FOIL request on October 16, 2020 to defendants New York State Law Reporting Bureau and its staff member, defendant Cara Brousseau. *Id.* ¶ 178. Plaintiff purports to have received copies of Judge Lomenzo's February 13, 2018 decision (the "Lomenzo Order") containing Plaintiff's real name, which Plaintiff contends is a violation of NY CPL § 160.50 and NY PBO §§ 87(2)(a) and (b). *Id.* ¶ 178.

Plaintiff's Complaint seeks a declaration that Defendants violated Plaintiff's rights to freedom of speech, petition, due process, and equal protection. Plaintiff also seeks a declaration that: (1) the Lomenzo Order was unlawfully published; (2) any publication of said Order is unlawful; and (3) the February 9, 2021 Order was not served on Plaintiff.

Plaintiff further seeks to enjoin: (1) defendant New York State Law Reporting Bureau ("the Bureau") from publishing the Lomenzo Order; (2) the Bureau from publishing any other order produced by Defendants; (3) defendants Kerby and Barry from possessing the Lomenzo Order and any and all information related to Plaintiff; (4) the Bureau and its employees from possessing same; (5) defendants from violating Plaintiff's rights to freedom of speech, petition, due process, and equal protection.

3

Plaintiff additionally seeks an order directing: (1) defendant Valentino to send Plaintiff the February 9, 2021 Order; (2) defendants Kerby, Barry, the Bureau, and Lomenzo to "immediately and irrevocably destroy any and all information that is in any way related to [the Lomenzo Order]"; and (3) the Bureau to inform any and all third parties who republished the Lomenzo Order that said Order is permanently sealed and must be permanently removed from publication and destroyed. Plaintiff seeks an award of monetary damages against defendants for the Constitutional violations stated. Dkt. 1, pp. 75-78.

Now before the Court is Plaintiff's motion seeking permission to proceed under the pseudonym "Publius Publicola" and file case documents under seal. Dkt. 4. State Defendants hereby oppose that motion.

## ARGUMENT

### PLAINTIFF'S MOTION MUST BE DENIED BECAUSE THE CRITERIA TO PROCEED UNDER A PSEUDONYM IN A CIVIL ACTION ARE NOT MET HERE

"An action must be prosecuted in the name of the real party in interest." FRCP 17(a). Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." FRCP 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-189 (2nd Cir. 2008) ("*Sealed Plaintiff*"). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).

4

The Second Circuit has set forth a balance of interests test for limited exceptions to the general requirement of disclosure of the names of parties, which permits plaintiffs to proceed anonymously in a civil action. *Sealed Plaintiff*, at 189-191. While explicitly non-exhaustive, the Court identified the following factors for consideration: (1) whether the litigation involves matters that are "highly sensitive and of a personal nature"; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.*

(internal citations and quotation marks omitted). Plaintiff argues that each factor applies to them and augers in their favor. Dkt. 4, pp. 3-8.

Plaintiff has failed to establish that any of the above-mentioned criteria, or any other relevant considerations, exist in this case, and their request to proceed under a pseudonym must be denied.

### A. THIS LITIGATION DOES NOT INVOLVE MATTERS THAT ARE "HIGHLY SENSITIVE AND OF A PERSONAL NATURE"

Plaintiff argues that, because some of the facts in this case surround the sealing of criminal court records, the issues in this case are sufficiently highly sensitive and personal in nature to justify permitting Plaintiff to proceed under a pseudonym and seal this case's records. Dkt. 4, pp. 3-6. However, Plaintiff has not identified a specific harm that would result from revealing their identity in this action much less indicated the relative severity of that harm, nor has Plaintiff articulated why the issues in this case are highly sensitive or personal in nature.

"While there may be circumstances where the sensitivity of the subject matter is so great as in itself to justify pseudonymity without a specific showing of harm . . ." this is not such a case. *Doe v. Del Rio*, 241 F.R.D. 154, 160 (SDNY 2006) (regarding sexual assault accusations: "The facts of this case are not the sort of exceptional circumstances that in and of themselves justify overriding the constitutional presumption of openness."). Moreover, "the fact that [a plaintiff] may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." *Free Mrkt. Compensation v. Commodity Exch., Inc.,* 98 F.R.D. 311, 313 (SDNY 1983).

6

Here, Plaintiff has not alleged any facts to support an assertion that the issues in this case are "highly sensitive and personal" in nature. *Sealed Plaintiff*, at 189. Rather, Plaintiff acknowledges that the relevant criminal proceedings involve minor offenses. Dkt. 1, ¶ 1. Plaintiff seems to reiterate the language of New York's criminal records sealing statute, NY CPL §§ 160.50, 160.60, and point to its purposes in support of an argument that the contents of a criminal record are *per se* sufficiently sensitive and personal in nature to warrant Plaintiff proceeding anonymously here. Dkt. 4, pp. 3-6. But Plaintiff's allegations regarding the status of their criminal records under New York's sealing statute have nothing to do with whether they should be allowed to prosecute constitutional claims for violations of that statute under a pseudonym. Therefore, Plaintiff has not demonstrated that this case involves issues that are sufficiently highly sensitive and personal to warrant the Court's grant of Plaintiff's motion.

### B. IDENTIFICATION OF THE PLAINTIFF DOES NOT RISK RETALIATORY HARM OR CAUSE PLAINTIFF TO SUFFER MORE OF THE ALLEGEDLY EXISTING HARM

First, in support of their apparent argument that there is a potential risk of retaliatory harm, Plaintiff references a supposedly angry voicemail defendant Judge Lomenzo left Plaintiff. Even if this allegation is accepted as true, it does not form the basis for proceeding in this matter anonymously.

It is evident from the allegations in the Complaint that Judge Lomenzo is already aware of Plaintiff's identity and proceeding anonymously in this case would do nothing to assuage Plaintiff's purported concerns of retaliation. Plaintiff makes no allegation that any other outside party or entity is likely to retaliate against the

Plaintiff, should they be compelled to proceed under their given name. Dkt. 4, pp. 8-9.

Second, Plaintiff argues that the consideration of whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity" weighs in favor of granting their motion. Dkt. 4, pp. 6-7. The harm that Plaintiff allegedly suffered is the disclosure of their name attendant to criminal proceedings via the Lomenzo Order decision and its publication, which Plaintiff now contends will be incurred if they are not permitted to proceed anonymously in this action. Dkt. 4, pp. 6-7. However, requiring Plaintiff to use their real name in this lawsuit does nothing to alter the Lomenzo Order's decision, nor to either continue or discontinue the alleged publication of the Lomenzo Order. Therefore, this factor does not favor granting Plaintiff's motion.

For the reasons stated, the Court permitting Plaintiff to proceed under a pseudonym would do nothing to protect them from any future harm, even if Plaintiff had articulated potential for that harm, and should therefore deny the motion.

### C. PLAINTIFF IS NOT PARTICULARLY VULNERABLE TO HARM

Plaintiff alleges that they are particularly vulnerable to harm because they were a child at the time of the criminal court proceedings. Dkt. 4, p. 8. Courts have been readier to protect the privacy of infant plaintiffs than of adults whether because children are perceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation. *See, e.g., Doe v Del Rio* at 158 (collecting cases). Plaintiff is not a child now and Plaintiff

has chosen for himself to pursue this litigation. Therefore, Plaintiff has not established that they are particularly vulnerable to harm.

For the reasons stated, Plaintiff's age at the time of their past crimes is insufficient to consider them particularly vulnerable to harm for purpose of this motion.

### D. PLAINTIFF HAS NOT REBUTTED THE PRESUMPTION THAT THIS PROCEEDING SHOULD PROCEED WITHOUT THE USE OF A PSEUDONYM

"The use of pseudonyms 'runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment.'" *Doe v. Del Rio*, 241 F.R.D. 154, 156 (SDNY 2006); *Doe v. City of New York*, 2021 U.S. Dist. LEXIS 47965, *3 (SDNY 2021) (accord). Further, there is a strong public interest in "identifying the parties to the proceeding" because it "is an important dimension of publicness. The people have a right to know who is using their courts.'" *Sealed Plaintiffs,* at 189 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). "The fact that a group of plaintiffs is suing the government or seeking to challenge a government policy does not, by itself, justify proceeding under a pseudonym." *Doe v. City of New York*, *5-6 citing *Plaintiffs # 1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 275 (EDNY 2015). "[T]he individual Defendants in this action also have a right to know who is making these accusations against them, as does the public." *Plaintiffs # 1-21*, 138 F. Supp. 3d at 275.

In their analysis of the balancing factor with respect to whether this action is brought against a government entity or private parties, Plaintiff alleges nothing

9

more than the fact that Defendants were at all relevant times acting under color of law. Dkt. 4, p. 8. Plaintiff's argument fails to establish how the relevant factors weigh in favor of the relief requested by the present motion and thus failed to rebut the presumption of disclosure of their identity. *See, e.g., Rives v. SUNY Downstate College of Medicine*, 2020 U.S. Dist. LEXIS 138972, at *3 (EDNY 2020) (plaintiff did not rebut presumption of disclosure). The strong public interest in favor of openness of the court system augers in favor of denying Plaintiff's motion.

In support of Plaintiff's argument that the consideration of prejudice to Defendants supports granting the present motion, Plaintiff baldly states that Defendants will not be prejudiced by Plaintiff proceeding under a pseudonym. Dkt. 1, p. 8. Such an unsupported statement fails to demonstrate that the Court should grant Plaintiff's motion. That notwithstanding, State Defendants would in fact suffer prejudice should the Court grant Plaintiff's motion. If Plaintiff's name is not public in these proceedings, potential witnesses for the defense would be deprived of the opportunity to learn of the action and come forward with information in support of a defense. Plaintiff has not established that they have a need for privacy that outweighs prejudice imparted upon Defendants should Plaintiff be permitted to proceed anonymously.

### D. PLAINTIFF'S IDENTITY HAS NOT BEEN KEPT CONFIDENTIAL AND THERE ARE ALTERNATIVE MECHANISMS FOR PROTECTING THEIR IDENTITY

First, in support of their argument that this factor weighs in favor of granting the motion, Plaintiff argues that their identity has been kept confidential thus far,

but for the publication of the Lomenzo Order. Dkt. pp. 8-9. Plaintiff's contentions in this action surround the purportedly erroneous Lomenzo Order decision with respect to sealing certain criminal conviction records and the subsequent publication of that Order in law reporting publications. *See generally,* Dkt. 1. Since publication of a case occurs in a public domain, Plaintiff's identity has not in fact been kept confidential to date. For this reason alone, Plaintiff's motion should be denied.

Second, in support of Plaintiff's argument that this factor supports their position, Plaintiff argues that granting the present motion is the best method to protecting their anonymity. Dkt. 4, pp. 9-10. As explained *supra,* Plaintiff failed to establish any justification for proceeding anonymously, so the Court need not consider what method is the best means of protecting Plaintiff's identity. But even if Plaintiff had established a justification for their anonymity in this action, proceeding anonymously here is not the best method to achieving the result of having their youthful offender criminal records sealed. Rather, Plaintiff should have applied to have those records sealed and appealed any unfavorable decision if and when that became relevant. Similarly, proceeding anonymously in this action does not affect the alleged initial or continuing publication of the Lomenzo Order bearing Plaintiff's real name.

For the reasons stated, Plaintiff has not demonstrated that their identity has thus far been kept confidential nor that granting the present motion is the best method for protecting their anonymity and the motion must be denied accordingly.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed under a pseudonym must be denied.

Dated: Albany, New York
January 31, 2022

                                        LETITIA JAMES
                                        Attorney for State Defendants
                                        The Capitol
                                        Albany, New York 12224-0341

                                              /s/ Brittany M. Haner
                                    By:_____
                                        Brittany M. Haner
                                        Assistant Attorney General, of Counsel
                                        Telephone: (518) 776-2389

TO:   Publius Publicola
        P.O. Box 13226
        Jersey City, NJ  07303