UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PUBLIUS PUBLICOLA,

         *Plaintiff*,

  -against-         Index No. 21-CV-1303
                 (DNH/CFH)

JOHN LOMENZO, TOWN OF PENFIELD, JOSEPH
VALENTINO, DOUGLAS RANDALL, DESTINI
BOWMAN, KAREN BAILEY TURNER, CRAIG DORAN,
LEAH MERVINE, COUNTY OF MONROE, WILLIAM
HOOKS, CARA BROUSSEAU, NEW YORK STATE LAW
REPORTING BUREAU, SHAWN KERBY, AND NANCY
BARRY,

         *Defendants*.

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS

             LETITIA JAMES
             Attorney General of the State of New York
             Attorney for State Defendants
             The Capitol
             Albany, New York 12224-0341

Brittany M. Haner
Assistant Attorney General, of Counsel
Telephone: (518) 776-2389

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT** ............................................................................................................................... 1

    **I.    PLAINTIFF'S REPETITION OF ARGUMENTS PROFFERED IN THEIR COMPLAINT IS INSUFFICIENT TO DEFEAT A MOTION** ............................................................................................................ 1

    **II.   PLAINTIFF'S CLAIMS ARE NOT TOLLED BY N.Y. EXECUTIVE LAW § 202.8** ........................................................................................................ 2

    **III.  THE *ROOKER-FELDMAN* DOCTRINE APPLIES** ............................. 3

**CONCLUSION** .......................................................................................................................... 4

**PRELIMINARY STATEMENT**

Defendants Joseph Valentino, Douglas Randall, Destini Bowman, Karen Bailey Turner, Craig Doran, William Hooks, Cara Brousseau, New York State Law Reporting Bureau, Shawn Kerby, and Nancy Barry ("State Defendants") submit this Memorandum of Law in Reply to Plaintiff's Opposition to the State Defendants' Motion to Dismiss. Dkts. 32, 40.

**ARGUMENT**

Aside from restating the allegations contained in their complaint, Plaintiff's Opposition to State Defendants' Motion to Dismiss argues that the statute of limitations in this case was tolled with respect to Defendants Hooks and the New York State Law Reporting Bureau and that the *Rooker-Feldman* doctrine does not apply. Dkt. 40, pp. 10-11, 14-17. Plaintiff's tolling argument misapplies the relevant tolling provisions and fails to rebut the State Defendants' arguments in favor of dismissal. Plaintiff's arguments with respect to the *Rooker-Feldman* doctrine similarly misapply the law and fail to rebut the State Defendants' arguments in favor of dismissal. Beyond this, the Plaintiff's remaining arguments, as indicated, are merely restatements of his arguments presented in their Complaint and are similarly insufficient opposition to the State Defendants' motion.

I. **PLAINTIFF'S REPETITION OF ARGUMENTS PROFFERED IN THEIR COMPLAINT IS INSUFFICIENT TO DEFEAT A MOTION**

A restatement of conclusory allegations and legal conclusions is insufficient to defeat a motion to dismiss. *Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217,

1

222 (2nd Cir. 2019). Plaintiff, in opposition to the State Defendants' Motion to Dismiss, largely repeats arguments already raised in their Complaint. Plaintiff reargues that the State Defendants are liable in both their official and personal capacities, without adding any legal argument that rebuts the State Defendants' arguments in support of dismissal. Dkt. 40, pp. 9-11. Plaintiff also argues that absolute immunity does not apply, which argument is implicit in the Complaint, but offers no legal argument that rebuts the State Defendants' immunity defense. Dkt. 40, pp. 11-16. Plaintiff also reiterates all of his claims, each of which the State Defendants moved against, without legal argument in rebuttal. Dkt. 40, pp. 16-25. All of these arguments are conclusory statements and legal conclusions and, as such, are insufficient to defeat the State Defendants' Motion to Dismiss.

## II.   PLAINTIFF'S CLAIMS ARE NOT TOLLED BY N.Y. EXECUTIVE LAW § 202.8

Plaintiff mis-applies the tolling provisions of Executive Law § 202.8 to argue that their claims against defendant Hooks are timely. Dkt. 40, pp. 10-11. N.Y. Executive Law § 202.8 ("the emergency order") suspended the statute of limitations by emergency order on March 20, 2020 in response to the COVID-19 pandemic. N.Y. Exec. Law § 202.8. However, the emergency order did not expand any applicable statute of limitations. *Id.* Instead, it served only to stay the need to file any claims that would have expired while the emergency order was in effect.

Additionally, the emergency order was lifted on November 4, 2020. *Id.* At that point, any tolling provisions had clearly ended. Plaintiff argues that their claims against Defendants Hooks and the New York State Law Reporting Bureau

accrued no later than May 5, 2018, when they became aware of the relevant decisions were sent out for publication. Dkt. 40, p. 11. As such, any claim against those Defendants would have to have been filed no later than May 5, 2021. As of May 5, 2021, the emergency order had been lifted for approximately five months, yet Plaintiff did not file the Complaint in this matter was not filed until December 7, 2021, well after the emergency order had lifted, and approximately seven months after the relevant statute of limitations expired. *See, e.g., Lucente v. City of Suffolk,* 980 F.3d 284, 308 (2nd Cir. 2020) (three-year statute of limitations for § 1983 claims). As such, Plaintiff's claims are untimely, and no tolling provision existed as of the expiration of the relevant statute of limitations that would have prevented a timely filing of the Complaint.

For these reasons, Plaintiff's claims against Defendants Hooks and the New York State Law Reporting Bureau are time-barred and must be dismissed.

### III.  THE *ROOKER-FELDMAN* DOCTRINE APPLIES

The State Defendants argue in their Motion to Dismiss that the *Rooker-Feldman* doctrine applies to Plaintiff's claims for injunctive relief. Dkt. 32, pp. 19-20. The doctrine has three requirements: (1) "the party *against whom the doctrine is invoked* must have actually been a party to the prior state-court judgment or have been in privity with such a party"; (2) "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment"; and (3) "the federal claim must not be parallel to the state-court claim." *Lance v. Davidson,* 379 F. Supp. 2d 1117, 1124 (2005) [emphasis added]. Plaintiff

argues that the *Rooker-Feldman* doctrine only applies when parties in the State and Federal action are the same. Dkt. 40, pp. 16-17.

Plaintiff is incorrect. The State Defendants are invoking the doctrine against Plaintiff and it is the party "against whom the doctrine is invoked" that must have been party to the state-court judgment. *See, e.g., Lance,* 379 F. Supp. 2d 1117, at 1124. Plaintiff was plainly a party to the state-court action wherein they challenged the Lomenzo Order. Thus, Plaintiff's argument fails.

## CONCLUSION

For the foregoing reasons, and for those reasons stated in State Defendants' moving papers, the Court should dismiss the Complaint.

Dated:  Albany, New York
        April 5, 2022

> LETITIA JAMES
> Attorney for State Defendants
> The Capitol
> Albany, New York 12224-0341
>
>         /s/ Brittany M. Haner
> By:_____
>    Brittany M. Haner
>    Assistant Attorney General, of Counsel
>    Telephone: (518) 776-2389

TO:  Publius Publicola
     P.O. Box 13226
     Jersey City, NJ 07303